WILLIAMS (MARSHALL v.). See Case No. 9,136.

## Case No. 17,727.

WILLIAMS v. MECHANICS' BANK OF NEW HAVEN.

[5 Blatchf. 59; [1] 10 Pittsb. Leg. J. 89.]

Circuit Court, S. D. New York. Sept. 22, 1862.

CORPORATIONS—TRANSFERS OF BANK STOCK—ATTACHMENT AND SALE—LIABILITY OF CORPORATION.

1. Where a banking corporation issued a certificate to C., certifying that he had standing to his credit on the books of the bank, ten shares of the capital stock thereof, "which are transferable at the bank, in person or by attorney:" *Held,* that the words, "transferable at the bank," meant "transferable only at the bank," and also implied that an act of transfer was to be done at the bank, under the cognizance of the officers of the bank.

[Cited in Lippitt v. American Wood Paper Co., 15 R. I. 145, 23 Atl. 112.]

2. The transfer of the certificate by C. did not operate as a transfer of the stock, except as against C., although the charter of the bank provided that the stock should be transferable according to such rules as might be established by the directors, and they had established no such rules.

3. The stock having been attached in the hands of the bank as the stock of C. and sold on execu-

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

tion, and transferred by the bank to the purchaser on such sales: *Held,* that the bank was not liable for the value of the stock to a party to whom C. had, prior to the attachment, transferred the certificate issued to him, the bank not having been, prior to the attachment, applied to by such party to transfer the stock to him, or notified of his claim.

[Cited in brief in Baltimore R. Co. v. Sewell, 35 Md. 246; Cheever v. Meyer, 52 Vt. 70.]

This was an action brought to recover the value of ten shares of the capital stock of the defendants, a banking corporation. On the trial, a verdict was rendered for the plaintiff [Richard S. Williams], subject to the opinion of the court, and the plaintiff now moved for judgment on the verdict. The facts were as follows: On the 18th of May, 1855, George W. Corlies, a resident of the city of New York, was the owner of ten shares of the stock of the defendants, and received a certificate therefor from them, in the following words: "Mechanics' Bank, No. 547. Shares 10. This is to certify, that George W. Corlies, of New York, has, at this date, standing to his credit, on the books of this bank, ten shares of the capital stock thereof, which are transferable at the bank, in person or by attorney. John W. Fitch, Cashier. New Haven, May 18, 1855." This certificate continued in Corlies' possession until on or about the 13th of March, 1856, when he effected a loan of money from the Market Bank, in the city of New York, and delivered the certificate in question to the president thereof, as collateral security for the loan, with the following power of attorney attached: "Know all men by these presents, that I, George W. Corlies, for value received, have bargained, sold, assigned and transferred, and by these presents do bargain, sell, assign and transfer, unto Richard S. Williams, president of the Market Bank of the city of New York, ten shares Mechanics' Bank New Haven stock, standing in my name on the books of the said bank, and do hereby constitute and appoint Chester W. Arthur my true and lawful attorney, irrevocable, for me, and in my name and behalf, but to (blank) use, to sell, assign, transfer and set over all or any part of said stock, and, for that purpose, to make and execute all necessary acts of assignment and transfer, and one or more persons to substitute with like full power, hereby ratifying and confirming all that my said attorney, or my (his) substitute or substitutes shall lawfully do by virtue hereof. In witness whereof, I have hereunto set my hand and seal, the 13th of March, 1856. George W. Corlies. Signed, sealed, &c., R. H. Haydock." Corlies gave his note for the loan, which was for $3,000, payable in thirty days. This note was not paid at maturity, but was renewed from time to time, until August, 1859, when the last renewal fell due, and was protested for non-payment. At the time the loan was obtained, the Market Bank received from Corlies other collaterals, but no question arose out of that circumstance. On the 8th of

September, 1859, the plaintiff presented the certificate in question to the defendants, and demanded a transfer of the ten shares of stock therein named, and the issue of a certificate for the same to him, and, on being refused, demanded from the defendants the value of the stock, which was also refused. The grounds upon which the defendants refused to comply with the demands of the plaintiff, to transfer the stock in question to him, or pay the value thereof, rested upon the following facts: In September, 1857, two years before the demand for a transfer was made by the plaintiff, Ebenezer D. Brockway, a resident of Connecticut, and a creditor of George W. Corlies, attached the stock, in a suit brought in Connecticut, and, in January, 1858, judgment was rendered in his favor against Corlies. On an execution duly issued upon this judgment, and levied upon the stock, it was sold by the sheriff, Brockway becoming the purchaser. The sale on the execution was in February, 1858. The sheriff gave Brockway a certificate of sale, as required by the laws of Connecticut. He presented that certificate to the defendants and demanded a transfer, which was made, and a certificate was issued to him. The defendants had no notice that the plaintiff had any claim to the stock, either as collateral security or otherwise, until long after the sale on execution and the transfer to Brockway, and not until the time, or about the time, when the demands before referred to were made by the plaintiff.

William Fullerton, for plaintiff.
George C. Goddard, for defendants.

Before NELSON, Circuit Justice, and SHIPMAN, District Judge.

SHIPMAN, District Judge. No question arises, in this case, touching the validity of the proceedings on the attachment, and sale on execution, of this stock. They were all regular, and in conformity to the laws of the state of Connecticut, and the transfer of the shares to Brockway, on his presentation of the certificate, was required by law, in the absence of any other consideration. It is, however, insisted by the plaintiff, that, inasmuch as the charter of the defendants provides that the stock "shall be transferable according to such rules as may be established by the directors," and it does not appear that the directors have established any such rules, except what may be implied from the certificate, therefore the transfer of the certificate operates as a transfer of the stock. The application of the argument is, that when Corlies delivered this certificate, with the power of attorney attached, to the plaintiff, the latter became vested with the legal title to the stock, and that the defendants are bound by such transfer, whether they had any notice or not. We think this view of the matter entirely overlooks the true construction of the certificate and the importance to

29 FED. CAS.—87

be given to the words "transferable at the bank." The counsel for the plaintiff, in his criticism of the language of the instrument, suggests, that if the expression had been "transferable only on the books of the bank," the legal purport and significance of the paper would have been very different. But, while we concede that the form of expression suggested would be more full and exact, its legal import would, in our judgment, have been substantially the same. By the words "transferable at the bank," the defendants have indicated the place where the transfer must be made, as they had the right and power to do. To have inserted the word "only," would have added no force to the meaning. When a note or sum of money is made payable in terms at a specified place, or bank, it is payable there and nowhere else, and no words of exclusion are necessary to limit the construction of the instrument to the place named; and, in the eye of the law, this certificate reads the same as if the expression was, "transferable only at the bank."

As to the omission in the certificate to state that the transfer was to be made on the "books" of the bank, we do not regard this as material. The words "transferable at the bank" do not refer merely to the place—within the walls of the bank building—but to an act to be there done, and to assume a formal and authentic shape, under the official cognizance of the officers of the institution. All meaning in these words dissolves and evaporates under any other construction.

It follows, from these views, that we must hold that the plaintiff, in order to have obtained a valid title to this stock, (except as between him and Corlies,) should have applied to the defendants to have it transferred, or, at least, have given them notice of a claim upon it, before it was attached and sold on execution; and, that, having failed to do so, he has no claim against them.